A. H. SCHWEAR, Defendant in Error, *v.* THEODORE HAUPT, Plaintiff in Error.

1. *Bond — Title — When may be reformed.*— One giving a title bond on the supposition that it embraced certain written agreements, which through fraud or mistake were omitted, will be entitled to have the same reformed.

*Error to First District Court.*

*Ewing & Smith,* with *Gale & Hundhausen,* for plaintiff in error.

*Lay & Belch,* for defendant in error.

BLISS, Judge, delivered the opinion of the court.

Plaintiff charges fraud and mistake in the execution of a certain title bond given the defendant in this: the defendant was his step-son, he having no children, and he made an arrangement with said step-son to support and maintain him during the rest of his life, in consideration of which he was to give him a farm worth $4,000 for $2,500, for which the defendant was to give his note for $2,000, and cancel a claim of $500 due him for labor. They proceeded to a magistrate to have the agreement reduced to writing, where only a bond for a deed was drawn for the consideration of $2,500, and the note for $2,000 was executed. The plaintiff charges that he was ignorant of the English

15—VOL. XLIX.

language and of our modes of doing business, and supposed the writing embraced the whole agreement , and that the agreement to support him was left out; that the defendant repudiated that part of the understanding, and refused to maintain him, and he asks that the bond be canceled.

The Circuit Court found the allegations to be true, and gave the plaintiff judgment, which was affirmed in the District Court, and the case comes here under the provisions of the act of February 15, 1871. (Sess. Acts 1871, p. 161.)

There is no doubt as to the character of the understanding between the parties, and that the plaintiff has set it out correctly. It was talked over before the magistrate, and the defendant admitted it to sundry persons. One witness testifies that he acknowledged that he had agreed to support the plaintiff, but the writing said nothing about it and he did not owe him a support. There is, however, some doubt whether the plaintiff was deceived as to the character of the writing, or whether he did not understand it and trust to defendant's verbal promise of support. There is no evidence that he was imbecile or weak-minded, but the bond does not seem to have been read to the parties or read by them, and the evidence is clear as to the character of the original agreement, both before and after the parties came to the magistrate's office, that the support was coupled with the sale as part of the consideration; and the strong probabilities are that both parties, when the writing was executed, supposed it to embrace the whole agreement. Under these circumstances the plaintiff would be entitled to have it reformed if he desired it, but inasmuch as the defendant has repudiated it as actually made, he is also entitled to have it rescinded, and to be restored to his former condition.

The judgment of the Circuit Court was that, upon payment to defendant of the said sum of $500 and surrendering his note, the bond be canceled, etc., which judgment I think should be affirmed. Several years have elapsed since the original judgment was entered, and I think the plaintiff should pay simple interest on the $500 since the time it was to have been repaid. The other judges concur.